UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ANNA MARIE M.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 4:24-cv-00621-DCN-REP

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

On May 17, 2022, Anna M. ("Plaintiff") filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income, alleging disability beginning July 1, 2016, due to auto immune disease, lupus, and back issues.

Plaintiff's application was initially denied on November 4, 2022, and upon reconsideration on March 16, 2023. A hearing was held on December 4, 2023, before Administrative Law Judge ("ALJ") Luke Brennan during which Plaintiff amended her alleged onset date to December 10, 2021.

On February 14, 2024, the AJL issued a decision finding Plaintiff was not entitled to benefits. Plaintiff appealed. The Appeals Council denied Plaintiff's request for review,

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action in federal court seeking judicial review of the ALJ's decision. Dkt. 1.

On August 13, 2026, Chief United States Magistrate Judge Raymond E. Patricco[2] issued a Report and Recommendation ("Report") recommending that: (1) the decision of the Commissioner be affirmed; and (2) Judgment be entered in favor of the Commissioner. Dkt. 20, at 7. Pursuant to statute, Judge Patricco gave the parties fourteen days to file written objections to the Report. *Id.* (citing 8 U.S.C. § 636(b)(1) and District of Idaho Local Civil Rule 72.1(b)).

Plaintiff filed a short objection to the Report (Dkt. 21) and the Commissioner responded (Dkt. 22). The matter is now ripe for the Court's review. For the reasons set forth below, Plaintiff's objections are overruled, Judge Patricco's Report is adopted in full, and the Commissioner's decision is affirmed.

## II. LEGAL STANDARD

In the context of social security appeals, a court's role in reviewing an ALJ's final decision is to ensure that it is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (The final decision "to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error."). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401

[2] In accordance with District of Idaho General Order 359 and 28 U.S.C. § 636(b)(1)(B), this matter was referred to Judge Patricco on December 30, 2024. Dkt. 9.

(1971). Where evidence is susceptible to more than one rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where, as here, a party objects to the Report, the Court "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.*

## III. DISCUSSION

Like many of the Social Security cases the Court has seen recently, Plaintiff's objections to the Report are simply the same allegations raised in her lawsuit. Said another way, Plaintiff's Complaint in this case is based upon two perceived errors by the AJL. Judge Patricco explained why those two arguments were unavailing. Now, Plaintiff's two objections are that Judge Patricco erred in his analysis of those same two arguments. Meaning, in essence, Plaintiff is asking the Court to review what Judge Patricco has already reviewed—and on the same basis before him.

The Court is not saying this approach is inherently wrong. Afterall, Plaintiff is entitled to object. However, the Court typically has seen more targeted objections, not simply a restatement of the original claims. By taking this repetitive approach, Plaintiff gets a de novo review of her claims. But when she has not presented anything new, it is difficult to see this strategy as anything other than a final hope that another judge will simply see things differently.

This observation aside, the Court has reviewed Plaintiff's objections and completed its own independent analysis as required. But because it finds neither of Plaintiff's arguments persuasive—and for the same reasons as outlined in the Report—it will not discuss the matters in great detail.

**A. RFC Inconsistencies**

Plaintiff first argues Judge Patricco erred in holding the ALJ's RFC determination[3] was not internally inconsistent. The RFC in this case provided Plaintiff could "sit without limitation, using a wheelchair while moving about," but also that she could "stand or walk for a total of up to two hours in an eight-hour workday." Dkt. 14, at 5–6 (citing AR 20-21). Plaintiff contends the AJL never remedied these incongruent findings and Judge Patricco erred in accepting the same.

First, as Judge Patricco correctly held, the two RFC findings are not facially inconsistent because, fundamentally, a person can use a wheelchair but still retain the ability to stand and walk. Dkt. 20, at 3.

Second, the AJL posed a hypothetical to the vocational expert about whether a person in a wheelchair could perform the jobs the vocational expert was suggesting Plaintiff could perform. The vocation expert said yes. Plaintiff takes issue with this colloquy, and Judge Patricco's interpretation of it, suggesting the vocational expert said the jobs could be performed while seated, but did not clarify whether the jobs could be

[3] RFC stands for Residual Functional Capacity. An RFC determination is an administrative assessment of the maximum work-related tasks a person can do despite his or her limitations.

performed if Plaintiff stands or walks for up to two hours a day. Setting aside the general idea that jobs which can be performed by someone in a wheelchair can likely also be performed by someone who needs to stand and walk during the day, the fact remains there is no indication Plaintiff could *not* perform the jobs identified by the vocational expert (whatever her limitations may have been).

The Court agrees with Judge Patricco that there are no inconsistencies or errors here. The vocational expert's testimony constituted substantial evidence supporting the ALJ's RFC determination.

What's more, to the extent an alternative, reasonable interpretation of the facts can be found, such does not require remand. Quite the opposite: the Court must affirm the ALJ's finding if it is supported by substantial evidence, regardless of whether other rational interpretations exist. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).

This objection is OVERRULED.

**B. Step 5 Job Numbers**

Plaintiff next argues Judge Patricco erred when he held the AJL appropriately relied on the vocational expert's testimony concerning the number of jobs available in the national economy when she found information—after the hearing—to suggest otherwise.[4]

As Judge Patricco correctly held, this post-hearing data can only serve as justification for a remand if it is "significant and probative." Dkt. 20 (citing *Wischmann v.*

[4] While Plaintiff did not submit this information to the AJL, she did submit it to the Appeals Council in support of her request for review.

*Kijakazi*, 68 F.4th 498, 505 (9th Cir. 2023)). Plaintiff has not supplied a meaningful explanation regarding how her data was generated, under what parameters, and whether the results were prepared or interpreted by someone with vocational expertise. All the Court has is Plaintiff's Counsel's interpretation of the data. This is not enough. *See Laura Sue W. v. Comm'r of Soc. Sec. Admin*., 2025 WL 2944378, at *9 (D. Idaho 2025), report and recommendation adopted sub nom. *Laura Sue W. v. Comm'r of Soc. Sec*., 2025 WL 2709409 (D. Idaho Sept. 23, 2025) (holding that "unsupported assertions are insufficient to contradict the [vocational expert's] testimony or give rise to an evidentiary inconsistency that the ALJ was required to resolve. Simply put, Plaintiff's submissions are not significant probative evidence of any inconsistency with the [vocational expert's] testimony necessitating remand."). Thus, the information is not "significant and probative" and need not have been considered.

The Court finds no error in Judge Patricco's finding that the AJL's analysis and finding at Step 5 was supported by substantial evidence. This objection is OVERRULED.

## IV. CONCLUSION

Having reviewed the Report and Plaintiff's objections, the Court OVERRULES the objections, adopts Judge Patricco's Report in its entirety, and enters the following order consistent with the same.

## V. ORDER

1. The Report and Recommendation entered on August 13, 2026 (Dkt. 20), is INCORPORATED and ADOPTED in its entirety.

2. The Commissioner's decision is AFFIRMED.

3. Plaintiff's Complaint (Dk. 1) is DENIED and this case is CLOSED.

4. The Court will enter a separate judgment pursuant to Civil Rule of Procedure 58 and 42 U.S.C. § 405(g).

DATED: September 9, 2026

David C. Nye
U.S. District Court Judge